**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| AMERICAN HISTORICAL ASSOCIATION; AMERICAN OVERSIGHT, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. |

Case No. 1:26-cv-01169-BAH

### DEFENDANTS' OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASE

Pursuant to Local Civil Rule 40.5(b)(2), Defendants object to Plaintiffs' designation of this case as related to *American Oversight v. U.S. Department of Government Efficiency*, No. 25-cv-409 (D.D.C.) ("25-cv-409"). *See* Pls.' Notice of Designation of Related Civil Cases, ECF No. 4. A "'related case' is not whatever a plaintiff wishes it to be." *Corsi v. Mueller, et al.*, No. 18-cv-2885 (RJL), 2019 WL 11322508, at *1 (D.D.C. Jan. 3, 2019). Instead, designation of a case as "related" requires strict adherence to Local Civil Rule 40.5. And the portion of that rule that Plaintiffs invoke, *see* Pls.' Notice, requires that this case and 25-cv-409 involve "common issues of fact." LCvR 40.5(a)(3). These cases plainly do not share common issues of fact sufficient to invoke this Court's related case procedures. 25-cv-409 involves Freedom of Information Act ("FOIA") requests submitted in early 2025 to the U.S. Department of Government Efficiency Service ("USDS") and the Office of Management and Budget ("OMB"). In contrast, this case involves a challenge to a Department of Justice Office of Legal Counsel ("OLC") opinion, issued April 1, 2026, regarding the constitutionality of the Presidential Records Act and alleged White House and National Archives and Records Administration ("NARA") policies and actions arising

1

after that opinion. Far from presenting the kind of near-identical issues required for relatedness, these cases concern vastly different events, timeframes, and legal claims. Any tangential or attenuated connections between these cases cannot overcome the heavy presumption that this Court applies in favor of random assignment of new litigation matters. Nor can this case be deemed related on any other basis established by the rules.

Since the Local Rules do not support Plaintiffs' designation of the instant case and 25-cv-409 as related, this case should be transferred to the Calendar and Case Management Committee for random reassignment in the ordinary fashion. *See* LCvR 40.5(c)(1).

## LEGAL STANDARD

The default rule in this district is that civil cases are assigned randomly. *See* LCvR 40.3(a) (providing that civil cases "shall be assigned to judges of this Court selected at random"); *accord The Wilderness Soc'y v. Bernhardt*, No. 20-cv-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020); *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 118 (D.D.C. 2019); *United States v. Volvo Constr. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013). Random assignment "ensure[s] greater public confidence in the integrity of the judicial process[,] . . . guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Wilderness Soc'y*, 2020 WL 2849635, at *1 (quoting *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000)); *see also* Ex. A, *DSCC v. Trump*, No. 26-cv-1114 (CKK) (D.D.C. April 8, 2026), ECF No. 26.

Plaintiffs invoke one portion of LCvR 40.5, which allows cases to be assigned to the same judge under narrow circumstances. That exception may be invoked where, *inter alia*, the two cases "involve common issues of fact." LCvR 40.5(a)(3).[1]

---

[1] Plaintiff does not invoke the exceptions permitting relation of cases involving "common property" or involving "the validity or infringement of the same patent." LCvR 40.5(a)(3). Nor

2

The burden of demonstrating relatedness lies with the party seeking to avoid random assignment—here, Plaintiffs. *See Wilderness Soc'y*, 2020 WL 2849635, at *2 (citing *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016)). "'The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary.'" *McGahn*, 391 F. Supp. 3d at 119 (quoting *Dakota Rural Action v. U.S. Dep't of Agric.*, No. 18-cv-2852, 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019)). "Deviating from that foundational principle is appropriate only if the relationship between the two cases is certain." *McGahn*, 391 F. Supp. 3d at 119 (quoting *Dakota Rural Action*, 2019 WL 1440134, at *1).

"The judge to whom a case is assigned resolves any objection to a related-case designation." *Wilderness Soc'y*, 2020 WL 2849635, at *2 (internal quotation omitted) (quoting *Dakota Rural Action*, 2019 WL 1440134, at *1 and citing LCvR 40.5(c)(3)). Where a judge of this Court determines that a matter should be returned to the Calendar and Case management Committee as not related, "the individual judge's decision [is] final." *See* Comment to LCvR 40.5(c)(3).

## **ARGUMENT**

### **THIS CASE IS NOT RELATED TO 25-CV-409**

Rather than have the instant case randomly assigned, Plaintiffs seek instead to designate this case, filed on April 6, 2026, as "related" to 25-cv-409. *See* Pls.' Notice. According to Plaintiffs, the instant case and 25-cv-409 involve "common issues of fact" warranting the related case designation. *Id.* They do not.

---

could they—these exceptions have no apparent relationship to this case at all. And of course, this case is not a "civil forfeiture proceeding" or related to a prior dismissed litigation involving the same parties, rendering similarly irrelevant those other grounds for relatedness in civil cases. *See* LCvR 40.5(a)(2), (4).

As this Court explained in *McGahn*, the "principle behind the related case rule is that in certain instances, the strong presumption of random case assignment is outweighed by the interests of judicial efficiency in narrow circumstances, such as when *virtually identical* and *highly overlapping* issues of fact are likely to be resolved in two cases." 391 F. Supp. 3d at 121 (emphasis added).  To make this determination, judges in this District consider whether the two cases "focus on different events, involve different time periods, and turn on distinct legal theories." *Millard v. Govt. of D.C.*, No. 22-cv-2672 (RCL), 2023 WL 2301927, at *2 (D.D.C. Mar. 1, 2023) (quoting *Klayman v. Porter*, No. 20-cv-3109 (RDM), 2021 WL 1668067, at *3 (D.D.C. Apr. 28, 2021)); *DSCC*, *supra*, at 5–8.  None of these criteria support relatedness here.

First, the events in question.  This case challenges the correctness of an OLC opinion issued this month, as well as purported White House and NARA policies and actions following that opinion.  *See, e.g.*, Compl. ¶ 153 (challenging an alleged White House "Post-OLC PRA Policy"); *id.* ¶ 160 (alleging "NARA has decided that it is no longer legally bound to comply with the PRA in light of the OLC Opinion"); *id.* ¶ 164 (alleging NARA is withholding records "in reliance on the OLC Opinion").  In contrast, 25-cv-409 raises FOIA claims regarding eight requests that American Oversight submitted to USDS and OMB well over a year ago, on January 30 and February 3, 2025.  *See* First Am. Compl. ¶¶ 196, 197, 109, 116, No. 25-cv-409, ECF No. 5 ("25-cv-409 Compl.").  The requests have nothing to do with the OLC opinion or the constitutionality of the PRA, which is unsurprising given the timeframe at issue.  For similar reasons, these cases also cannot be deemed related as "grow[ing] out of the same event or transaction."  LCvR 40.5(a)(3).

The second criterion—the time period at issue—also plainly does not favor relatedness for "common issues of fact."  Plaintiffs here are challenging events occurring this month, as opposed

to 25-cv-409, which alleges that USDS and OMB acted contrary to FOIA by their alleged failure in responding to requests submitted in early 2025.

These cases also turn on distinct legal theories. Plaintiffs here allege claims under the Administrative Procedure Act against DOJ and NARA, Compl. ¶¶ 158–73, mandamus regarding compliance with the Presidential Records Act against various federal officials, Compl. ¶¶ 174–79, and various purported equitable and inherent causes of action against the Defendants, Compl. ¶¶ 139–57. None of that is in 25-cv-409, which pleads only statutory claims under FOIA. *See* 25-cv-409 Compl. ¶¶ 132–63.

In their Complaint, Plaintiffs allege that this case bears on 25-cv-409 because the Government there has "argued that they should *not* be subject to a judicial preservation order for records subject to [FOIA] because they are purportedly subject to, and preserving records consistent with, the PRA." Compl. ¶ 135. Plaintiff contends that "if that case is resolved with a finding that (as Defendants argued) they are subject to the PRA rather than FOIA, then (without judicial relief in *this* case) Defendants may destroy these records." *Id.*

This argument does not support relatedness. To begin, it does nothing to bridge the significant *factual* differences between this dispute and 25-cv-409, which is the relevant consideration under the local rule. *See* LCvR 40.5(a)(3); *DSCC, supra,* at 7–8 (holding that the Local Rule "does *not* make cases related if they involve common issues of law, only common issues of fact" (quoting *G.Y.J.P. by & through M.R.P.S. v. Wolf*, Case No. 20-cv-01511 (TNM), 2020 WL 4192490, at *1 (D.D.C. July 21, 2020)). And insofar as the constitutionality of the Presidential Records Act could impact the outcome of both cases, the logic of Plaintiffs' relatedness designation proves far too much. It would seem to say that *any* case including claims regarding a request for presidential records or for records of a White House component could be

treated as related to this one.  Given the proliferation of such cases in this District,[2] that would essentially allow Plaintiffs and others challenging the OLC opinion to select whichever judge of this Court they would prefer.  That only accentuates the need to apply the standard presumption of random assignment.  *Cf. McGahn*, 391 F. Supp. 3d at 122 ("The potential for manipulation of the ordinary rule of random assignment would be particularly acute if the House Judiciary Committee could relate any matter arising from its ongoing investigation to a single judge on this Court, irrespective of the particularities of each case.").

Finally, Plaintiffs' statements regarding preservation in 25-cv-409 are misguided.  Any argument about destruction of records is a red herring, not least because this Court has issued a preservation order in that case.  *See* Order (April 2, 2025), 25-cv-409, ECF No. 15.

## CONCLUSION

Since the Local Rules do not support Plaintiffs' designation of the instant case and 25-cv-409 as related, this case should be transferred to the Calendar and Case Management Committee for random reassignment in the ordinary fashion.  *See* LCvR 40.5(c)(1).

Dated: April 10, 2026                                   Respectfully submitted,

---

[2] *See, e.g.*, *Am. First Legal Found. v. NARA*, No. 22-cv-2713 (LLA) (D.D.C.); *Judicial Watch, Inc. v. NARA*, No. 22-cv-3310 (RBW) (D.D.C.); *Cato Institute v. NARA*, No. 22-cv-1746 (APM) (D.D.C.); *Judicial Watch, Inc. v. NARA*, No. 1:23-cv-1432 (SLS) (D.D.C.); *Ctr. to Advance Security in Am. v. NARA*, No. 24-cv-3083 (AHA) (D.D.C.); *Citizens for Responsibility & Ethics in Wash. v. U.S. DOGE Serv.*, No. 25-cv-511 (CRC) (D.D.C.); *Gillon v. NARA*, No. 1:25-cv-2079 (JMC) (D.D.C.).

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ James Powers*
JOHN BAILEY
Counsel to the Assistant Attorney General
(Ohio Bar No. 104260)
JAMES R. POWERS (TX Bar No. 24092989)
WINSTON G. SHI (NY Bar No. 5747068)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 353-0543
E-mail: James.R.Powers@usdoj.gov

*Counsel for the United States*