# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

AMERICAN HISTORICAL
ASSOCIATION, AMERICAN
OVERSIGHT,

       *Plaintiffs*,

    v.

DONALD TRUMP, in his official capacity
as President of the United States and in his
personal capacity, *et al.*,

       *Defendants*.

</td><td>

Case No. 26-cv-1169

</td></tr>
</table>

## JOINT STATUS REPORT

In response to the Court's Order, the parties have conferred and respectfully submit this joint status report detailing the parties' positions on an appropriate briefing schedule for Plaintiffs' Motion for a Preliminary Injunction (ECF No. 13) (PI Motion).

### *Plaintiffs' Position*

Given the nature of this case and the imminent and ongoing irreparable harms that Plaintiffs and the public face from Defendants' disregard of the Presidential Records Act (PRA), Plaintiffs submit that there is no basis to extend the default deadlines under the Local Rules of this Court, and that the preliminary injunction motion should be heard even more quickly if possible. The need for prompt adjudication is underscored by the government's continued refusal to enter even a short stipulation that it will preserve and not destroy records during the pendency of preliminary injunction proceedings.

Plaintiffs have endeavored at every turn to reach an accord with Defendants to mitigate or avoid outright the need for emergency motions practices and fast-paced deadlines. Prior to filing Plaintiffs' Motion, Plaintiffs sought an assurance from Defendants that they would adhere to the PRA's basic preservation requirements. They refused. In meeting and conferring for this submission, Plaintiffs represented that they would agree to a longer schedule if Defendants would agree to stipulate—even just for the pendency of the preliminary injunction proceedings— to an agreement to preserve materials in accordance with the PRA. Defendants again refused, claiming that the stipulation Plaintiffs requested was too "sweeping." Plaintiffs then offered to consider *any* alternative stipulation that Defendants wished to propose that could be entered in conjunction with a longer briefing schedule, and Defendants ignored that offer. The government cannot reasonably request an extension of the default deadlines under the Local Rules when at the same time they refuse to state that they are not actively destroying or absconding with records every passing day.

Against this backdrop, Plaintiffs propose a briefing and hearing in accordance with the Local Rules: Defendants' response due on April 21, Plaintiffs' reply due on April 28, and a hearing on or before May 5 at the Court's earliest convenience, consistent with Local Rule 65.1(d)'s 21-day default period for a hearing on a preliminary injunction. Alternatively, Plaintiffs could file their reply on April 27 (or even on Sunday, April 26), if doing so would enable an earlier hearing date.

To the extent that Defendants are able to provide written assurances that all records that the PRA requires to be preserved and not destroyed are in fact preserved and not destroyed during the pendency of the PI Motion, Plaintiffs would be more than willing to agree to a longer briefing and hearing schedule.

***Defendants' Position***

Defendants respectfully propose the following schedule:

- Defendants' Opposition to Motion for Preliminary Injunction: April 28, 2026

- Plaintiffs' Reply: May 5, 2026

- Hearing: May 12-15.

Defendants' proposed schedule is reasonable under the circumstances. Plaintiffs filed a 45-page brief 13 days after OLC published the memorandum that Plaintiffs challenge. Defendants' proposed schedule permits Defendants a similar amount of time to prepare and file a response brief while coordinating with more than two dozen defendants inside and outside the Executive Office of the President. Plaintiffs have not shown that Defendants' proposal would prejudice them (or "the public," which is not a plaintiff). As Defendants' forthcoming opposition will explain, Plaintiffs have not even established their standing to sue, much less shown a likelihood of imminent irreparable injury that they will suffer. And Plaintiffs are mistaken in treating Local Rule 65.1(d)'s timing as a default. That rule requires "a statement of the facts which make expedition essential," and Plaintiffs have not come close to establishing that expedition is essential. Defendants' refusal to make stipulations—especially to plaintiffs lacking standing—is not an irreparable harm. *Plaintiffs* bear the burdens of proof and persuasion on alleged irreparable harms. Irreparable harm is not a presumption that a defendant must rebut through stipulations.

Dated: April 15, 2026                                  Respectfully submitted,

                                                             */s/ Daniel F. Jacobson*

                                                             Daniel F. Jacobson (D.C. Bar 1016621)
                                                             Lynn D. Eisenberg (D.C. Bar 1017511)

John Robinson (D.C. Bar 1044072)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave NW, Suite 301
Washington DC, 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com


*/s/ Loree Stark*
Loree Stark
D.C. Bar No. 90021926
American Oversight
1030 15th Street NW, B255
Washington, D.C. 20005
(202) 869-5246
loree.stark@americanoversight.org

*Counsel for Plaintiffs*


BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

/s/ *John Bailey*
JOHN BAILEY
Counsel to the Assistant Attorney General (Ohio Bar No. 104260)
JAMES R. POWERS (TX Bar No. 24092989)
WINSTON G. SHI (NY Bar. No. 5747068)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 353-0543
E-mail: James.R.Powers@usdoj.gov

*Counsel for the United States*