# Exhibit A

<u>**Memorandum**</u>

**Date:** April 2, 2026

**From:** David Alan Warrington, Assistant to the President and Counsel to the President

**Re:** <u>Records Retention Policy After Office of Legal Counsel Finding that the Presidential Records Act is Unconstitutional</u>

The Presidential Records Act ("PRA") purports to require the President to preserve all documentary material related to the performance of the President's constitutional, statutory, or other official or ceremonial duties.  The 1978 law is a significant departure from historical practice.  For 200 years the presidency existed without the legislative branch invading the rights of the executive branch.  Instead, presidential records were considered property of the President.  Reacting to President Nixon's resignation and the Watergate scandal, Congress chose a path never before or since enacted – a law compelling the creation, retention, and disclosure of presidential records.

Because Congress never had the Article I power to regulate the President's records in the manner contemplated by the PRA, the Office of White House Counsel asked the Department of Justice's Office of Legal Counsel ("OLC") to review the constitutionality of the PRA.  OLC concluded that the PRA is unconstitutional for two reasons: it exceeds Congress's enumerated and implied powers, and it aggrandizes Congress at the expense of the constitutional independence and autonomy of the President.

The purpose of this memorandum is to provide guidance on how the EOP will preserve records in light of OLC's determination.

Staff should carefully review this guidance to ensure that they are appropriately saving presidential records.  This guidance applies to both classified and unclassified materials.  Components are free to retain the records retention policies developed under the PRA.

**Records Policy**

**Records Generally.** The National Archives and Records Administration states that federal records are information made or received in connection with the transaction of public business. Even in the absence of the PRA, EOP staff should preserve any material related to the performance of their duties. Records may be relevant to ongoing or future litigation, and thus may be subject to other legal preservation requirements. The medium of the material does not matter – printed, electronic, or hand-written materials are considered records and should be saved if they are related to the performance of EOP staff duties.

**Records Custody.** The Office of White House Counsel will coordinate regarding the ownership and storage of records. EOP staff do not have any ownership of records created or obtained in the performance of their duties. When leaving EOP employment, EOP staff may not take any records.

**Electronic Records.** As a matter of prudence, the electronic records of EOP employees will be preserved. This includes both emails and any electronic records saved. EOP staff should conduct all work-related communications via your official EOP email account. Materials created or edited by EOP staff should be saved on your EOP laptop or the EOP network. Staff cannot permanently delete emails or materials saved to an EOP laptop or the EOP network.

**Paper Records.** EOP staff should preserve paper records necessary to the performance of their duties. Extra copies of material do not need to be saved. EOP staff is encouraged to routinely file any paper records with the Office of Records Management (askORM@who.eop.gov).

**Personal Records.** EOP staff are not required to preserve personal documents that do not relate to their duties.

**Text Messaging.** Under the PRA, no presidential administration required EOP staff to transcribe phone calls, meetings, or informal discussions, even though the broad and unconstitutional text of the PRA certainly suggests that this would be required. Complying with such a requirement would be immensely time consuming and costly. Similarly, as text messaging becomes more akin to speaking every day, preserving all text messages would create an enormous technological burden while chilling the ability of presidential advisors to provide candid advice. Text messages should only be preserved when they are the sole record of official decision-making, government action, or contain unique information not available elsewhere. Furthermore, staff is encouraged to ensure that any decision-making, government

action, or unique information is memorialized in a more accessible format, such as an email or memorandum. Text messages reflecting personal conversations, workplace gossip, ministerial tasks or other workplace minutiae (e.g., "call me", "what room for the meeting", "there is a typo in the first line of the memo") do not need to be preserved. For example:





Staff unsure of whether a text message should be preserved should contact the Office of White House Counsel.

**Duty to Preserve.** EOP staff should ensure that both electronic and paper records are preserved. Staff should avoid using personal devices for government business whenever possible as the conduct of government business on personal devices has the potential to require the examination of personal devices in litigation or in response to congressional oversight requests. As described above, text messages that are the sole record of official decision-making, government action, or unique information should either be stored on an EOP system as soon as possible or memorialized in an email or memorandum.

**Training**. The Office of White House Counsel will conduct **mandatory** records trainings. Staff should make every effort to participate.