**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN HISTORICAL ASSOCIATION;<br>AMERICAN OVERSIGHT,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD TRUMP, in his official capacity as<br>President of the United States, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:26-cv-01169-JDB |

**NOTICE OF COMPLIANCE**

Defendants hereby file this notice of compliance with the Court's preliminary injunction order, ECF No. 23. The Court required that this notice be filed by May 28, 2026, and "describ[e] the steps [Defendants] have taken to comply with this order." *See* Order ¶ 4. Defendants accordingly state as follows:

1.　　　On May 25, 2026, an email was sent to all EOP staff on behalf of the White House Counsel attaching the Court's orders in the two Presidential Records Act (PRA) cases pending before this Court, consistent with paragraph 3 of the orders. A copy of the email and its attachments is attached to this notice as **Exhibit A**.

2.　　　The email accurately conveyed the terms of the Court's orders and EOP staff's preservation obligations under those orders. *See* Exhibit A. Specifically, the email recited the specific terms of the orders, clarified that the "April 2, 2026, records preservation memorandum does not apply," and stated that "staff must comply with the Presidential Records Act." *Id.* The email also attached as "[a]dditional guidance" the 2017 memorandum issued by former White House Counsel Donald F. McGahn II regarding compliance with the PRA. *Id.*

3.  Defendants have thus fully complied with the Court's orders, including paragraph 2(a) of the orders, requiring Defendants to "[c]omply in full with the provisions of the Presidential Records Act, 44 U.S.C. §§ 2201-09."  Defendants understand paragraph 2 of the Court's orders to require a reinstatement of the *status quo ante*, under which Defendants treat the Presidential Records Act as binding upon them and establish records policies informed by that treatment. Indeed, an injunction to simply follow a set of statutory commands without any more specificity as to the "act or acts restrained or required" would be contrary to the requirement that the "terms" of an injunction be stated "specifically" and with "reasonable detail."  Fed. R. Civ. P. 65(d)(1)(B)-(C).  A more expansive reading of paragraph 2 would also contradict the Court's approach to standing in its opinion, *see* Mem. Op. at 10–21, ECF No. 24, and to basic principles of Article III jurisdiction more generally.

4.  Defendants also do not understand the order to mandate ongoing judicial supervision of EOP staff's day-to-day actions in complying with the PRA and related policies. Such a reading of the Court's order has no basis in the Court's reasoning as to the availability of an equitable cause of action in this case.  *See* Mem. Op. at 21–25.  And it would squarely conflict with *Armstrong v. Bush*, 924 F.2d 282 (D.C. Cir. 1991), and *CREW v. Trump*, 924 F.3d 602 (D.C. Cir. 2019), which collectively do not permit claims regarding day-to-day compliance with the PRA by individual EOP staff.  The Court's opinion nowhere indicates this was the Court's intention.

5.  Defendants reserve their right to seek appellate relief as to the order.

Dated: May 28, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

JOHN BAILEY
Counsel to the Assistant Attorney General

*/s/ Winston Shi*
JAMES R. POWERS (TX Bar No. 24092989)
Chief Litigation Counsel
WINSTON G. SHI (NY Bar No. 5747068)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 880-0387
Email: winston.g.shi@usdoj.gov

*Counsel for the United States*