## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN HISTORICAL ASSOCIATION, *et al.*,

Plaintiffs,

v.

DONALD TRUMP, in his official capacity as President of the United States, *et al.*,

Defendants.

Case No. 1:26-cv-01169-JDB

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated May 26, 2026, the parties file the following joint status report.

The parties have met and conferred about a schedule to govern further proceedings. Defendants propose staying further proceedings in this case pending appeal. Plaintiffs oppose. The parties' respective proposals and reasoning as to a stay follow.

If the Court denies a stay, the parties have agreed on the dates in Plaintiffs' proposal.

**<u>Plaintiffs' Proposal</u>**

Plaintiffs respectfully submit that the Court should deny the government's stay request because a stay is clearly unwarranted, but if the Court is considering granting the request, the Court should require Defendants to file a proper motion seeking a stay as the Federal Rules require, which will afford Plaintiffs an adequate opportunity to file an opposition. Below, Plaintiffs propose a briefing schedule for a stay motion if the Court does not outright deny the request, as well as a schedule for the case as a whole pursuant to the Court's order.

**1.** As a threshold matter, Defendants' request for a stay in this Joint Status Report is procedurally improper. Under the Federal Rules of Civil Procedure, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b); *see Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 81 (D.C. Cir. 2014). "Requests to stay . . . necessitate a court order," and thus a motion to stay proceedings must be made "in a separate motion." *Henderson v. von Loewenfeldt*, 2015 WL 409656, at *1 n.2 (S.D. Ga. Jan. 29, 2015); *accord Young v. City of Council Bluffs*, 2021 WL 6804104, at *3 (S.D. Iowa Aug. 26, 2021); *Franklin v. Atl. Credit & Fin., Inc.*, 2020 WL 10046092, at *3 (N.D. Ga. Apr. 20, 2020), *report and recommendation adopted*, 2020 WL 10046963 (N.D. Ga. July 17, 2020).

Defendants have not filed a motion to stay proceedings here, and granting the request as currently made would deprive Plaintiffs of adequate opportunity to respond to this requested relief. Defendants did not inform Plaintiffs that they intended to seek a stay until June 2, and did not provide the bases upon which they are seeking a stay until they shared their draft statement for this status report earlier today, the due date for the filing. That statement contains more than four pages of briefing, case citations, and argument. Had Defendants filed a motion as required, Plaintiffs would have had an opportunity to file an opposition brief in due course, which is warranted given the breadth of the order that Defendants seek—an order staying the entire case for an indefinite period, including for claims not at issue in the appeal. Accordingly, if the Court does not deny the request for a stay outright, it should at minimum require Defendants to make their request by motion and afford Plaintiffs an opportunity to respond in the ordinary course.

**2.** On the substance, Defendants "bear[] the burden of establishing [their] need" for a stay. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).[1] "[I]f there is even a fair possibility that the stay" will prejudice Plaintiffs, Defendants "must make out a clear case of hardship or inequity in being required to go forward" with district court proceedings. *Landis v. North Am. Co.,* 299 U.S. 248, 255 (1936). And where, as here, a stay would be "of indefinite duration," the moving party must show a "pressing need" for a stay. *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731–32 (D.C. Cir. 2012).

Moreover, "[i]n the context of a stay pending appeal of a preliminary injunction" specifically, district courts have been "repeatedly admonished not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583–84 (9th Cir. 2018). Such stays "unnecessarily delay the litigation and waste judicial resources," as it will often be more efficient for the parties to pursue a final resolution than "delay all proceedings during the pendency of an appeal from an order granting a preliminary injunction." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 673 (9th Cir. 1988).

Consistent with these principles, courts in this district routinely deny requests to stay district court proceedings indefinitely pending the outcome of an appeal. *See, e.g., Nat'l Digit. Inclusion All. v. Trump*, No. 25-cv-3606, 2026 WL 980757 (D.D.C. Apr. 13, 2026) (Bates, J.,) (denying motion to stay where party opposed the motion, there was a "strong interest" in final resolution of whether statute was constitutional, and the potential delay at issue was "considerable"); *Harris v. Med. Transportation Mgmt., Inc.*, No. 17-cv-01371, 2022 WL 1908822,

---

[1] Plaintiffs do not believe that a JSR that the court ordered to propose schedules is the appropriate vehicle for substantively addressing legal issues, but briefly respond to the arguments incorporated in Defendants' statement, which Plaintiffs received just earlier today. Plaintiffs have had less than a day to draft this briefing after receiving Defendants' statement.

at *3 (D.D.C. June 3, 2022) (denying motion to stay proceedings pending outcome of appeal); *DL v. District of Columbia*, 6 F. Supp. 3d 133, 135 (D.D.C. 2014) (similar).

Defendants have not met their burden to justify a stay here. Dispositively, Defendants do not identify *any* harm or prejudice that they will suffer absent a stay—much less a "clear case of hardship" or a "pressing need." *Belize Soc.*, 668 F.3d at 731–32. The only gesture toward harm in Defendants' statement is their assertion that continued litigation may require "expending significant resources," but even if that were true (which is speculative), "litigation expenses alone do not necessarily qualify as irreparable harm," *DL*, 6 F. Supp. 3d at 135 (quotations omitted) (denying stay where harm claimed was "effort required to proceed with discovery"). Defendants simply cannot meet their burden to justify a blanket, indefinite stay of this case where they have identified no harm they will suffer absent a stay.

On the other side of the ledger, Plaintiffs would be substantially prejudiced by a stay. Any stay would be lengthy, potentially lasting years. Defendants note that they intend to seek expedition at the D.C. Circuit, but as the Civil Appellate attorney who contacted Plaintiffs put it, Defendants are only seeking "to mildly expedite the briefing schedule and argument date." On their proposed schedule, briefing would not conclude until September 2, 2026, with argument to follow at an unknown date. The D.C. Circuit would likely not issue its decision until 6 to 12 months from now, likely stretching into 2027. And Defendants' statement makes clear that they are already anticipating "proceedings before the Supreme Court." The Supreme Court likely would not hold argument until October Term 2027 if it grants review, and could issue a decision in that instance as late as June 2028. Even if the Supreme Court denies certiorari, it may not consider the government's petition until after its summer recess, in September 2027.

4

Under any reasonable timeline for Defendants' appeal, the prejudice to Plaintiffs will be significant. First, a stay would jeopardize Plaintiffs' ability to obtain final judgment sufficiently in advance of the end of this Administration (or in advance of it at all). If a stay were not lifted until late 2027 or into 2028, the parties would have only a matter of months to amend the complaint, resolve any motion to dismiss, engage in any discovery, and then brief and resolve a motion for summary judgment before the next Presidential election and transition. While the Court's preliminary injunction helps to ensure that the records of staff will be preserved while this case proceeds in the district court, the injunction is limited and does not address various issues ongoing now and that will arise near, at, and after the end of the President's term in office.

For example, the preliminary injunction does not address the duties of the President and Vice President themselves to preserve Presidential records, nor does it bind any personal aides of the President and Vice President who are not Executive Office of the President employees. The preliminary injunction also does not provide relief with an eye specifically toward ensuring that the President's and Vice President's records are transferred to NARA at the end of the Administration. And because NARA is not one of the enjoined Defendants, the preliminary injunction does not address NARA's responsibility to comply with the PRA at the end of the administration with respect to *any* Presidential records, including from staff. Thus, for instance, the preliminary injunction would not hinder the President from ordering NARA simply to not take possession of any records from the current administration at the end of this term. The preliminary injunction similarly does not constrain President Trump in his personal capacity, regarding the retention of records after leaving office. *See* PI Op. 53 n.21, Dkt. 24 (finding it "premature to enjoin President Trump in his personal capacity from violating the Records Act after he leaves office"). Plaintiffs should be able to move this case forward toward summary judgment, at which

5

point they can seek various forms of relief that will meaningfully address all of the above issues. It is in all parties' interest—and the public interest—that any such final judgment be entered well in advance of the next Presidential transition, including to allow sufficient time for non-emergency appeals from a final judgment.

A stay would also be particularly unwarranted, and prejudicial to Plaintiffs, given that Plaintiffs may soon amend their complaint to add new allegations and claims not addressed in the preliminary injunction or appeal. In particular, Plaintiffs are considering adding claims on the disposition of records at the end of an administration, including the records from the first Trump Administration that were seized from Mar-a-Lago and recently returned to President Trump in his personal capacity, as discussed at the preliminary injunction hearing. *See* Hr'g Tr. 109:24–110:2 (government counsel stating these records are now "in the possession of the President in his personal capacity"). Plaintiffs would likely add factual allegations regarding these developments and additional causes of action against DOJ (which returned the records), NARA, and President Trump in his personal capacity.[2] The current preliminary injunction does not address records from the first Trump administration, and the outcome of Defendants' appeal is very unlikely to bear on these records or Plaintiffs' claims related to them. There is no reason to delay the filing of an amended complaint while an appeal plays out that will not likely impact the new claims.

The government notes that the plaintiffs in *Freedom of the Press Foundation (FPF) v. Trump*, 26-cv-1402 (D.D.C.), have consented to a stay in that case. But that should have no bearing on whether the Court should issue a stay in *this case*, over the objection of Plaintiffs American Historical Association and American Oversight, who filed this action weeks before *FPF*. Indeed,

---

[2] President Trump's personal counsel have ignored repeated inquiries regarding service, and Plaintiffs anticipate soon filing a motion with the Court to authorize alternative means of service.

Plaintiffs here pursue different claims and different areas of focus than in *FPF*. The *FPF* plaintiffs have not named NARA, DOJ, or the President in his personal capacity as Defendants, nor have they indicated an intent to amend their complaint to add claims related to the President's disposition of Presidential records in his personal capacity. And even for the claims that overlap regarding the current Administration's preservation of Presidential records, *FPF* plaintiffs have focused almost exclusively on the Warrington Memo's approach to text or other instant messaging, which this Court addressed in its preliminary injunction, while Plaintiffs here have taken a wider lens.

**3.** Plaintiffs respectfully submit that judicial economy would not be served by leaving district court proceedings idle while the parties pursue what may be multiple levels of appellate review. Plaintiffs submit that the Court should instead deny Defendants' request for a stay outright, or alternatively require Defendants to file a proper motion seeking a stay as the Federal Rules require.

If the Court orders further briefing on Defendants' request for a stay, Plaintiffs propose the following schedule:

- 6/11/2026: Defendants' motion for a stay
- 6/18/2026: Plaintiffs' opposition to stay motion
- 6/22/2026: Defendants' reply in support of stay motion

If the Court denies Defendants' request for a stay, the parties agree on the following schedule:

- 6/26/2026: Plaintiffs may file an amended complaint
- 7/17/2026: Defendants' response to Plaintiffs' operative complaint
- 7/31/2026: Plaintiffs' response to any motion to dismiss
- 8/12/2026: Defendants' reply in support of any motion to dismiss
- Hearing on motion to dismiss at Court's discretion

7

- If court denies motion to dismiss, Defendants' answer due 30 days from decision

- Scheduling conference on the scope and content of any discovery or administrative record within two weeks of Defendants' filing of an answer

**<u>Defendants' Proposal</u>**

Defendants propose staying further district court proceedings during the pendency of their appeal from this Court's preliminary injunction. Defs' Notice of Appeal, ECF No. 26. Such a stay will promote efficiencies for the parties and the Court by ensuring any further district court proceedings are informed by the authoritative guidance that the appellate court will provide regarding some, or even all, of the claims at issue in this case. A stay is also warranted because it makes little sense to litigate the same issues to final judgment on parallel tracks. In the related case pending before this Court, *Freedom of the Press Foundation v. Trump*, 1:26-cv-1402-JDB (D.D.C.), the plaintiffs have consented to a stay of proceedings pending appeal, underscoring that a temporary pause is the sensible course and further counseling against piecemeal adjudication of legal issues that the Court of Appeals will soon clarify.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731 (D.C. Cir. 2012) (when a stay is issued "pursuant to the district court's inherent authority in the interest of judicial economy, 'the applicable jurisprudence appears in [*Landis*]'" (citations omitted)). When "exercising this power, a court must 'weigh competing interests and maintain an even balance' between them, taking into consideration the benefits of a stay, the hardship to the movant of denying a stay, and any injury to the nonmovant from issuing a stay." *Hulley Enterprises Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 280 (D.D.C. 2016) (quoting *Landis*, 299 U.S. at 255). In determining whether to issue a stay,

this Court applies a three-factor test: "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *Nat'l PFAS Contamination Coal. v. U.S. EPA*, No. 22-cv-132 (JDB), 2023 WL 22078, at *3 (D.D.C. Jan. 3, 2023). A stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good, if not an excellent" reason to stay district court proceedings. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1998 (11th Cir. 2009).

The relevant considerations militate in favor of a stay here. Defendants recently appealed the Court's preliminary injunction and anticipate seeking expedited consideration of that appeal by the D.C. Circuit. Judicial economy and efficiency counsels strongly in favor of a stay pending that appeal and any proceedings before the Supreme Court. And because the appeal prompting the stay relates to this very case, this is not a situation where "a litigant in one cause [will] be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.[3]

The D.C. Circuit's ruling, and any rulings by the Supreme Court, will provide dispositive guidance as to the claims against the Executive Office of the President Defendants because the preliminary injunction rests on this Court's analysis of issues at the core of this litigation, including the constitutionality of the Presidential Records Act. Further litigation on these purely legal issues as to the EOP Defendants would be needlessly duplicative where this Court has already

---

[3] For the same reason, this Court's recent order denying a stay in *National Digital Inclusion Alliance v. Trump*, No. 25-cv-3606 (JDB), 2026 WL 980757 (D.D.C. Apr. 13, 2026), does not support Plaintiffs. In *NDIA*, the plaintiff requested to stay its own case pending the en banc D.C. Circuit's resolution of a different case that, as the Court recognized, "raise[d] substantially different issues." *Id.* at *2.

adjudicated them in a preliminary posture and where the Court of Appeals now has an opportunity to provide authoritative views.

Similar considerations counsel against further proceedings on Plaintiffs' claims against the Department of Justice and the National Archives and Records Administration. For example, Plaintiffs' claims against DOJ and NARA would fail on the merits if the D.C. Circuit concludes that the PRA is unconstitutional. At a minimum, the issues may be narrowed or clarified by the appellate process. Staying further proceedings until the Court and the parties have appellate guidance would avoid resource expenditures litigating matters that may ultimately prove unnecessary.

Judges in this District have routinely stayed proceedings to promote judicial economy and efficiency where the resolution of issues on appeal will bear on further proceedings before the district court. *See, e.g.*, *Ready to Win v. Fed. Election Comm'n*, No. 1:22-cv-3282 (RDM), 2023 WL 10512144, at *2 (D.D.C. July 28, 2023) (staying proceedings pending appeal of a related case, reasoning that discovery "may prove unnecessary or may be narrowed in light of the D.C. Circuit's decision"); *Blumenthal v. Trump*, No. 1:17-cv-1154 (EGS), 2019 WL 3948478, at *3 (D.D.C. Aug. 21, 2019); *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017); *Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency.").

The equities also weigh in favor of staying this case pending resolution of the appeal. As explained above, proceeding without the benefit of appellate input risks unnecessarily expending significant resources. Further, Plaintiffs are not unduly harmed in the absence of a stay. Plaintiffs

10

have obtained a preliminary injunction as to the EOP Defendants, which requires continued compliance with the Presidential Records Act.  ECF No. 23.  Defendants have not sought a stay of that injunction and are complying with it.  *See* ECF No. 25.  Underscoring how duplicative further district court litigation would be, the plaintiffs in *Freedom of the Press Foundation v. Trump* are consenting to a stay of their case, which they jointly argued with Plaintiffs here and which was resolved by the same opinion from this Court.

As the Court recognized in its opinion, the Plaintiffs here seek additional relief concerning DOJ and NARA, which the plaintiffs in *Freedom of the Press Foundation* did not seek.  But this Court further determined that Plaintiffs likely lack standing to sue DOJ and NARA, ECF No. 24 at 18–20, indicating that a temporary inability to pursue further relief against those Defendants would not prejudice Plaintiffs.  And for the reasons discussed above, this is not a case where "the parties before the district court could make arguments unlikely to be affected by whatever new authority might arise."  *NDIA*, 2026 WL 980757, at *2 (citing *Landis*, 299 U.S. at 256).  To the contrary, even the DOJ- and NARA-specific arguments will be affected by the D.C. Circuit's resolution of the issues on appeal.

Finally, the duration of the stay sought by Defendants is reasonable.  As noted above, Defendants anticipate seeking expedited consideration of their appeal at the D.C. Circuit.  And in the event that either party seeks, and the Supreme Court grants, a petition for certiorari to review the D.C. Circuit's decision, there would be even greater reason for the Court to await that ruling.  In these circumstances, staying the district court proceedings pending resolution of the preliminary injunction appeal would support judicial economy, would allow the parties to address the relevant issues with the benefit of appellate guidance, and would avoid expending resources that later may prove to be unnecessary.

Dated: June 4, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

JOHN BAILEY
Counsel to the Assistant Attorney General

*/s/ James R. Powers*
JAMES R. POWERS (TX Bar No. 24092989)
Chief Litigation Counsel
WINSTON G. SHI (NY Bar No. 5747068)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 353-0543
Email: James.R.Powers@usdoj.gov

*Counsel for the United States*


*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)
Lynn D. Eisenberg (D.C. Bar 1017511)
Stephen K. Wirth (D.C. Bar 1034038)
John Robinson (D.C. Bar 1044072)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave NW, Suite 301
Washington DC, 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com


*/s/ Loree Stark*
Loree Stark
D.C. Bar No. 90021926
American Oversight

12

1030 15th Street NW, B255
Washington, D.C. 20005
(202) 869-5246
loree.stark@americanoversight.org

*Counsel for Plaintiffs*