IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN HISTORICAL
ASSOCIATION, AMERICAN
OVERSIGHT,

     *Plaintiffs*,

    v.

DONALD TRUMP, in his official capacity
as President of the United States and in his
personal capacity, *et al.*,

     *Defendants*.

Case No. 26-cv-1169

**PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE ON
PRESIDENT TRUMP IN HIS PERSONAL CAPACITY**

Pursuant to Federal Rule of Civil Procedure 4(e)(1) and D.C. Superior Court Rule 4(e)(3), Plaintiffs respectfully move for an order authorizing alternative service of the summons and complaint on President Donald Trump in his personal capacity. Plaintiffs have conferred with DOJ counsel representing the Federal Defendants, who have stated that Federal Defendants take no position on this motion at this time. Plaintiffs also attempted to confer with President Trump's private counsel representing him in his personal capacity, but his private counsel has not responded to multiple emails from undersigned counsel seeking to confer on this issue. In support of this motion, Plaintiffs state as follows:

1.     Plaintiffs filed this action on April 6, 2026. The complaint names President Trump, Vice President Vance, and various other officials and offices in the Executive Office of the President as defendants in their official capacities, as well as the National Archives and Records Administration, the Department of Justice, and the Attorney General (the "Federal

Defendants"). The complaint also names President Trump as a defendant in his personal capacity. *See* Dkt. 1.

2.     Plaintiffs have served all Federal Defendants pursuant to Federal Rule of Civil Procedure 4(i) by emailing a copy of the summons and complaint to the U.S. Attorney for the District of Columbia and sending a copy of the summons and complaint to the Attorney General of the United States and each defendant. *See* Dkt. 14.

3.      Plaintiffs have also been diligently attempting to serve President Trump in his personal capacity. On May 18, 2026, Plaintiffs' counsel contacted DOJ counsel representing President Trump in his official capacity to ask whether DOJ would accept service for President Trump in his personal capacity or, if not, whether DOJ would provide contact for President Trump's private counsel. On May 21, 2026, DOJ counsel directed Plaintiffs to contact Caryn Schechtman at DLA Piper regarding serving President Trump in his personal capacity. *See* Eisenberg Decl. Ex. A. Ms. Schechtman has represented President Trump in his personal capacity in other matters. *See, e.g.*, Brief for Appellant President Donald J. Trump, *Salaam v. Trump*, No. 2502230 (3d Cir. May 28, 2026), Dkt. 25.

4.     On May 21, 2026, Plaintiffs' counsel emailed Ms. Schechtman, asking whether she would accept service on behalf of President Trump. Plaintiffs' counsel received no response. Eisenberg Decl. Ex. B.

5.     On May 29, 2026, Plaintiffs' counsel again emailed Ms. Schechtman and one of her colleagues who has represented President Trump in his personal capacity in other matters, again asking whether DLA Piper would accept service on behalf of President Trump. *Id.* Plaintiffs' counsel also requested that President Trump's counsel acknowledge receipt of the email, but Plaintiffs' counsel again received no response. *Id.*

6.       President Trump's private counsel's refusal to respond to inquiries regarding service appears consistent with a broader pattern of efforts by President Trump to seek to avoid service of process on him in his personal capacity.

7.       In *Legal Eagle, LLC v. NARA*, No. 8:26-cv-920 (D. Md.), the plaintiffs' counsel attempted to serve President Trump in his personal capacity multiple times over the course of several weeks, including by contacting the same private counsel to whom DOJ referred Plaintiffs' counsel in this case. *See* Mot. for Alternative Service at 2–4 in *Legal Eagle*, Dkt. 42. President Trump's private counsel refused to respond to inquiries regarding service, as they have in this case. The plaintiffs in *Legal Eagle* accordingly filed a motion for alternative service, which remains pending.

8.       Similarly, in *Carroll v. Trump*, No. 20-cv-7311 (S.D.N.Y.), the plaintiff attempted to serve President Trump multiple times at his residence in New York and the White House. *See, e.g.*, Dkt. Nos. 14-9 to 14-13 in *Carroll*. All of those efforts were unsuccessful, and the plaintiff filed a motion for alternative service, which the court granted. *See* Dkt. Nos. 14-6 & 14-15 in *Carroll*.

9.       Plaintiffs in this case have likewise been unable to serve President Trump in his personal capacity under the traditional methods for service for private citizens under Federal Rule of Civil Procedure 4(e)(2). Plaintiffs are unable to deliver a copy of the summons and complaint "personally" to the President. Fed. R. Civ. P. 4(e)(2)(A). Nor can they leave a copy of those documents "at the individual's dwelling or usual place or abode," given that President Trump both works and resides at the White House, and the Mar-a-Lago Club where he sometimes resides refuses to accept service for him. Fed. R. Civ. P. 4(e)(2)(B); *see also* Dkt. 14-

13 in *Carroll* (noting inability to serve Mr. Trump at White House); Mot. for Alternative Service at 7 in *Legal Eagle* (noting Mar-a-Lago refusal).

10.    Plaintiffs are thus compelled to move for alternative service. Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Under D.C. Superior Court Rule 4(e)(3), "[i]f the court determines that, after diligent effort, a party has been unable to accomplish service by a method prescribed in Rule 4(c) or (e)(1)–(2), the court may permit an alternative method of service that the court determines is reasonably calculated to give actual notice of the action to the party to be served."

11.    As set forth above, Plaintiffs in this case, like plaintiffs in other cases seeking to serve the President in his personal capacity, have made diligent efforts to serve President Trump by contacting his private counsel to whom DOJ referred inquiries regarding service of process. Despite these diligent efforts, however, Plaintiffs have been unable to effect service.

12.    Accordingly, Plaintiffs respectfully request that the Court order that they may serve President Trump by mailing a copy of the summons and complaint to him at the White House and by emailing a copy of those documents to his private counsel Caryn Schechtman at DLA Piper LLP. *See* Dkt. No. 14-15 in *Carroll* (granting this relief).

13.    The Federal Defendants take no position on this motion at this time. Plaintiffs' counsel has attempted to confer with Ms. Schechtman regarding this motion, but has not received a response. Plaintiffs' counsel will serve a copy of this motion on Ms. Schechtman by email and first-class mail.

June 8, 2026

Respectfully submitted,

*/s/ Lynn D. Eisenberg*
Daniel F. Jacobson (D.C. Bar 1016621)
Lynn D. Eisenberg (D.C. Bar 1017511)
John Robinson (D.C. Bar 1044072)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave NW, Suite 301
Washington DC, 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
john@jacobsonlawyersgroup.com


*/s/ Loree Stark*
Loree Stark
D.C. Bar No. 90021926
American Oversight
1030 15th Street NW, B255
Washington, D.C. 20005
(202) 869-5246
loree.stark@americanoversight.org

*Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I certify that I served a copy of this motion on Defendant President Donald Trump in his personal capacity by emailing the motion to Caryn Schechtman at caryn.schechtman@us.dlapiper.com and mailing it to:

Caryn Schechtman
DLA Piper
1251 Avenue of the Americas
New York, NY 10020

*/s/ Lynn D. Eisenberg*

5