# Exhibit A

**[ORAL ARGUMENT NOT SCHEDULED]**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN HISTORICAL ASSOCIATION, *et al.*, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DONALD TRUMP, *in his official capacity as President of the United States*, *et al.*, <br><br> Defendants-Appellees. | No. 26-5185 |
| FREEDOM OF THE PRESS FOUNDATION, *et al.*, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DONALD TRUMP, *in his official capacity as President of the United States*, *et al.*, <br><br> Defendants-Appellees. | No. 26-5186 |

## CONSENT MOTION TO EXPEDITE BRIEFING SCHEDULE
## AND ORAL ARGUMENT

Appellants move to set an expedited schedule for briefing and argument

in the above captioned appeals. Plaintiffs consent to the relief sought in this

motion.

1. These consolidated appeals arise from a pair of challenges to the White House's policy on preserving presidential records. After the Office of Legal Counsel concluded that the Presidential Records Act, 44 U.S.C. §§ 2201, et seq., is likely unconstitutional, the White House Counsel issued a memorandum directing staff within the Executive Office of the President to "preserve any material related to the performance of their duties." Dkt. 19-2, at 3.[1]

Plaintiffs sued. They contend that the Presidential Records Act is lawful and that it requires broader preservation than contemplated by the White House Counsel's memorandum. They sought, and the district court granted, preliminary injunctions. The injunctions require White House staff to (1) "[c]omply in full with the provisions of the Presidential Records Act," (2) preserve and not destroy presidential records, (3) refrain from sending presidential records "using non-official electronic message accounts" unless a copy is sent to an official account, and (4) "[e]stablish or reestablish records retention policies to preserve and maintain presidential records in full compliance with the Presidential Records Act." Dkt. 23, at 2.

The government timely appealed from these preliminary injunctions, and this Court *sua sponte* consolidated the appeals.

---

[1] References to "Dkt." refer to the district court's docket in No. 26-cv-1402.

2. By statute, courts "shall expedite the consideration of . . . any action" for "good cause." 28 U.S.C. § 1657(a). There is good cause to expedite these consolidated appeals. The appeals raise important questions about the separation of powers and Congress's ability to regulate the creation and preservation of documents with the White House. Those questions merit swift consideration. Moreover, the district court entered a preliminary injunction against components of the Executive Office of the President and against senior White House officials. An injunction that intrudes into the operations of the White House similarly merits swift appellate review.

3. Accordingly, the government proposes the following schedule to govern proceedings in these appeals:

- Case opening documents due          June 10, 2026

- Appellants' opening brief due          July 13, 2026

- Joint appendix due                          July 13, 2026

- Appellees' briefs due                      Aug. 19, 2026

- Reply brief due                              Sept. 9, 2026

The government also respectfully requests that the Court schedule these appeals for argument on the first available date after briefing is completed.

-3-

This proposed schedule will allow these appeals to be heard shortly after the Court returns from its summer recess, while ensuring that the parties' time to draft their briefs is not truncated.

4. Counsel for both sets of plaintiffs consented to the relief sought in this motion.

## CONCLUSION

This Court should grant the motion, enter the proposed briefing schedule, and direct the case to be scheduled for argument on the first available date after briefing is completed.

Respectfully submitted,

/s/ *Daniel Tenny*

DANIEL TENNY
MAXWELL A. BALDI
  Attorneys, Appellate Staff
  Civil Division, Room 7215
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C.  20530
  (202) 514-1838
  daniel.tenny@usdoj.gov

JUNE 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 474 words.  This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Century BT 14-point font, a proportionally spaced typeface.


*/s/ Daniel Tenny*
DANIEL TENNY