**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN HISTORICAL ASSOCIATION, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>        Defendants. | Case No. 1:26-cv-01169-JDB |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING APPEAL**

**INTRODUCTION**

The crux of this lawsuit is the constitutionality of the Presidential Records Act ("PRA"). Defendants' position is that the statute is unconstitutional and that Plaintiffs have no legal or equitable basis to obtain relief in any event. The Court largely disagreed, entering a preliminary injunction requiring the Defendants within the Executive Office of the President ("EOP") to continue compliance with the PRA. The Court has thus issued a decision substantially resolving the fundamental questions posed by this case. Defendants have appealed that decision. The common-sense course now is to stay proceedings in this Court while the appeal plays out. That appeal may provide dispositive guidance as to issues at the heart of Plaintiffs' complaint, including the PRA's constitutionality and Plaintiffs' entitlement to relief on the claims pleaded. Awaiting the results of that appeal will advance judicial economy, will avoid thorny separation of powers issues that discovery is likely to entail, and will not prejudice Plaintiffs in any meaningful way. Plaintiffs' response, ECF No. 34 ("Opp'n"), to the stay motion, ECF No. 31 ("Mot."), attempts to complicate this straightforward picture but fails to do so. The Court should enter a stay.

**ARGUMENT**

**THE COURT SHOULD ENTER A STAY PENDING APPEAL**

*First*, a stay of this case pending appeal would promote judicial economy. Mot. at 5–9. The Court's preliminary injunction and opinion involve many of the essential issues presented by the Complaint, including the dispositive question of whether the PRA is constitutional. PI Op., ECF No. 24. The Court also entered a preliminary injunction requiring the EOP Defendants to comply with the PRA "in full." PI Order ¶ 2(a), ECF No. 23. The appeal of that opinion and order will bear on all aspects of continued litigation in this Court, particularly if the D.C. Circuit opines on the PRA's constitutionality. This is a paradigmatic example of a case where a stay would

1

promote judicial economy.  Unsurprisingly, the plaintiffs in the companion case of *Freedom of the Press Foundation v. Trump*, No. 1:26-cv-01402-JDB (D.D.C.), joined Defendants in proposing a stay pending appeal.

Plaintiffs here respond by arguing that the D.C. Circuit is likely to affirm and that it would have been wasteful "for the parties to have done nothing toward moving this case toward a final resolution" in the interim.  Opp'n at 13.  Defendants disagree with Plaintiffs' prognostication about the likely outcome of the appeal.  But even accepting Plaintiffs' contention for the sake of argument, Plaintiffs have the judicial economy analysis exactly backward.  After all, this case will indeed have substantially moved "toward a final resolution" if appellate review results in an opinion affirming this Court's decision about the PRA's constitutionality at this stage of proceedings.  The same is true if the appeal goes Defendants' way.  In short, the appeal is likely to vastly simplify the issues in this case, or perhaps conclusively resolve them.

Plaintiffs also argue that it would not serve judicial economy to stay claims in this case that the Court "(i) found are likely to succeed, (ii) did not address in the preliminary injunction (because they were not at issue), or (iii) are new claims that Plaintiffs may include in any amended complaint."  Opp'n at 12–13.  But as to the claims that the Court found are likely to succeed, Plaintiffs ignore the fact that "[l]itigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests." *InfraRed Envtl. Infrastructure GP Ltd. v. Kingdom of Spain*, No. 20-817 (JDB), 2021 WL 2665406, at *5 (D.D.C. June 29, 2021).  As for the remaining claims (including the proposed amendments), they could all turn on the constitutionality of the PRA.  The pending appeal will "in all likelihood" "settle many" of the claims and will "simplify them all." *See Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936).  That is sufficient to satisfy the flexible stay analysis under *Landis*.

2

*Second*, continued litigation pending appeal will prejudice the Defendants. Mot. at 9–10. The claims in this case concern the internal workings of the White House. Further proceedings on these matters, including potentially intrusive discovery from the White House, "implicates the separation of powers" and the "special considerations" regarding the "Executive Branch's interests in maintaining the autonomy of its office" and the "confidentiality of its communications." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 390–91 (2004). Indeed, although Plaintiffs protest that these separation of powers concerns are speculative, Opp'n at 5, they argue elsewhere in their brief that the President's recordkeeping and his dealings with aides are "appropriate subject[s] of discovery were this case to proceed in the ordinary course," *id.* at 11. Plaintiffs' brief shows that there is nothing speculative about Defendants' concerns and the prejudice that further litigation will inflict. The Supreme Court has explained that the "high respect that is owed to the office of the Chief Executive, though not justifying a rule of categorical immunity, is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery." *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (explaining that a stay of discovery or trial may be justified under *Landis* based on these considerations). These circumstances demonstrate the "clear hardship" that further litigation would impose on Defendants.

Plaintiffs in all events also overstate the level of prejudice that Defendants must show before the Court may enter a stay. Opp'n at 4–5. As discussed below, there is no basis to say that Plaintiffs suffer a "fair possibility" of prejudice from a stay here. A far more flexible analysis than the one posited by Plaintiffs applies; the Court may equitably consider the level of prejudice between the parties from a stay, along with the impact on judicial economy. For example, this Court entered a stay of proceedings in *National PFAS Contamination Coalition v. U.S. EPA*, where

the prejudice to Defendants from further proceedings was only "neutral."  No. 22-132 (JDB), 2023 WL 22078, at *5 (D.D.C. Jan. 3, 2023).

*Finally*, a stay pending appeal will not prejudice Plaintiffs.  Mot. at 11–15.  The Court has issued a preliminary injunction that requires the EOP Defendants to maintain policies complying with the PRA in full.  Thus, the policies that "form the heart of Plaintiffs' objections are currently—and will remain—enjoined" pending appeal.  *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 20-1630 (JEB), 2021 WL 4033072, at *2 (D.D.C. Sept. 3, 2021).

Plaintiffs protest first that the stay that Defendants seek could last for years, until perhaps the end of this presidential administration.  Opp'n at 7–8.  Plaintiffs' concerns ring hollow, however, as even they concede that the current expedited appeal, with a briefing schedule set to close in September, could be decided in as few as six months.  *See id.* at 7.  Plaintiffs also unreasonably intimate that entry of a stay now would be a point of no return.  *See id.* (claiming "a stay would jeopardize Plaintiffs' ability to obtain final judgment sufficiently in advance of the end of this Administration (or in advance of it at all)").  To the contrary, Plaintiffs could move to lift the stay in the future if they believed there was good cause to do so.  Mot. at 12.  Finally, the potential length of appellate proceedings is not a basis for prejudice to Plaintiffs here.  After all, the EOP Defendants—the only parties for which the Court identified a jurisdictional basis for relief—will be required to maintain policies in compliance with the PRA for that entire time.  *Id.*

Plaintiffs also complain that a stay will delay them in pursuing claims against the National Archives and Records Administration ("NARA") regarding the transfer of records from the White House to NARA at the end of this administration.  Opp'n at 8–9.  To begin, the Court already held that Plaintiffs "likely lack standing to sue NARA" because they "have not identified any action

4

that [NARA] has taken following the OLC opinion to change its policies." PI Op. at 22 n.10. Plaintiffs acknowledge the Court's standing analysis but insist on pressing their NARA claims anyway. *See* Opp'n at 9. But Plaintiffs' disagreement with the Court's opinion is insufficient. The Court need not ignore its prior finding in deciding whether a stay from pursuing such futile claims would be prejudicial.[1] And even if Plaintiffs could pursue such claims against NARA, the transfer of records from this administration to NARA is not scheduled to occur until 2029, far longer than a stay pending appeal at the D.C. Circuit is likely to last. Mot. at 12; *see also id.* at 13–14. Moreover, the records that Plaintiffs contend are at risk are in the custody of the EOP Defendants, who are under a preliminary injunction requiring them to maintain policies in compliance with the PRA. *Id.* at 13. Claims involving NARA and events at the end of this administration are not a basis to deny the stay.

Plaintiffs further suggest they will be prejudiced if they are denied the opportunity to amend the Complaint to pursue claims regarding alleged presidential records in the President's personal possession. Opp'n at 9–10. Plaintiffs argue that any new lawsuit they might file about this matter during the stay would be subject to dismissal for claim splitting. *Id.* at 11. That is baseless. A lawsuit demanding that NARA pursue relief regarding documents "that the FBI had seized from President Trump's personal residence," Opp'n at 3, would be meritless, as the Court has already explained. PI Op. at 19–20. But in any event, such a lawsuit has little to do with the

---

[1] Plaintiffs likewise suggest that they are not "seeking 'relitigation' of whether the Court may enter an injunction against the President," but only on the basis that they did not fully press the issue at the preliminary injunction phase. Opp'n at 11 (citing ECF No. 22 at 25). But this is a distinction without a difference, as the Court has already expressed reluctance to reach that question given the unprecedented scope of Plaintiffs' demand: as this Court observed, "the D.C. Circuit has 'never attempted to exercise power to order the President to perform [even] a ministerial duty.'" PI Op. at 51–52 (quoting *Swan v. Clinton*, 100 F.3d 973, 978 (D.C. Cir. 1996)).

Complaint, which challenges a Department of Justice Office of Legal Counsel opinion regarding the PRA's constitutionality and Defendants' policies under the PRA.

## CONCLUSION

The Court should stay the district court proceedings pending disposition of the appeal in D.C. Cir. Case No. 26-5185, and any further appellate proceedings.

Dated: June 22, 2026                    Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General

                                        ERIC J. HAMILTON
                                        Deputy Assistant Attorney General

                                        ELIZABETH J. SHAPIRO
                                        Deputy Director

                                        JOHN BAILEY
                                        Counsel to the Assistant Attorney General

                                        */s/ James R. Powers*
                                        JAMES R. POWERS (TX Bar No. 24092989)
                                        Chief Litigation Counsel
                                        WINSTON G. SHI (NY Bar No. 5747068)
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street NW
                                        Washington, DC 20005
                                        Phone: (202) 353-0543
                                        Email: James.R.Powers@usdoj.gov

                                        *Counsel for the United States*

6